E. Leslie HAMM, Jr., an infant, by E. Leslie Hamm, Sr., his father and next friend, et al., Appellants,

v.

COUNTY SCHOOL BOARD OF ARLING-TON COUNTY, VIRGINIA and Ray E. Reid, Division Superintendent of Schools, Arlington County, Virginia, Appellees.

COUNTY SCHOOL BOARD OF ARLING-TON COUNTY, VIRGINIA and Ray E. Reid, Division Superintendent of Schools, Arlington County, Virginia, Appellants,

v.

Ronald DESKINS, Michael Gerard Jones, Lance Dwight Newman and Gloria Delores Thompson, Appellees.

No. 7776.

United States Court of Appeals Fourth Circuit.

Argued Jan. 21, 1959.

Decided March 19, 1959.

Frank D. Reeves, Washington, D. C. (Oliver W. Hill, Richmond, Va., James M. Nabrit, III, Washington, D. C., S. W. Robinson, III, Richmond, Va., Otto L. Tucker, Alexandria, Va., Robert L. Carter, Martinsville, Va., James M. Nabrit, Jr., Herbert O. Reid, and James A. Washington, Jr., Washington, D. C., on the brief), for appellants E. Leslie Hamm, Jr., and others and appellees Ronald Deskins and others.

James H. Simmonds and Frank L. Ball, Arlington, Va. (Albertis S. Harrison, Jr., Atty. Gen. of Virginia, and Henry T. Wickham, Sp. Asst. to Atty. Gen. of Virginia, on the brief), for appellees and appellants County School Board of Arlington County, Virginia.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

In our opinion in this case, filed January 23, 1959, 263 F.2d 226, we disposed of the appeal insofar as four Negro students were concerned by affirming as to them the judgment of the District Judge, directing their immediate admission into the Stratford Junior High School in Arlington County, Virginia. We held for further examination and study the cases of twenty-six additional Negro students as to whom the denial of transfers to white schools by the County School Board of Arlington County was approved by the District Judge. We find evidence in the record that their applications for transfer were subject to tests that were not applied to the applications of white students asking transfers. Furthermore, we note that when their applications were under consideration by the County School Board, and later when the actions of the Board were reviewed by the District Judge, all of the interested parties and officials were fully conscious that if any Negro students should be admitted to a white school in the county the school would be closed under the authority of State statutes that were being given effect by the school authorities under the direction of the executive and law officers of the State.

With this threat hanging over them neither the County School Board nor the District Court could act with the same freedom and independence as they can now act since the decision of the Supreme Court of Virginia in Harrison v. Day, 200 Va. 439, 106 S.E.2d 636, on January 19, 1959, and the decision of the three-judge United States District Court in James v. Almond, 170 F.Supp. 331, on the same day, in which these statutes were held invalid. For these reasons it is our conclusion that the actions of the County School Board and of the District Court in rejecting the applications of the twenty-six Negro students should not be accepted as valid precedents for future action and that as to them the case be remanded with direction to issue an injunction directing the County School Board to re-examine the applications with expedition so that such applications as may be granted may be given effect, and such applications as may be refused may be reviewed by the District Court if review is requested, prior to the opening of the 1959–60 school year, if it is possible to do so, the District Court meanwhile retaining jurisdiction of the case.

Remanded for further proceedings.